David P. Finn, Esq. (Cal. Bar No. 249247)
david@finntrialattorneys.com
FINN TRIAL ATTORNEYS, APC
501 West Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4805

Alvin M. Gomez, Esq. (Cal. Bar No. 137818)
alvingomez@thegomezlawgroup.com
Boris Smyslov, Esq. (Cal. Bar No. 297252)
boris@thegomezlawgroup.com
GOMEZ LAW GROUP, P.C.
2725 Jefferson Street, Suite 3
Carlsbad, CA 92008
Telephone: (858) 552-0000
Facsimile: (760) 542-7761

Attorneys for Plaintiff FRANCISCO TIRADO

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO TIRADO,<br><br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>UNITED STATES CUSTOMS AND<br>BORDER PROTECTION; DOES 1–50,<br><br><br>Defendants. | CASE NO.: **'26 CV 0747 WQH SBC**<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Fourth Amendment (*Bivens*) Excessive Force;<br>2. Fourth Amendment (*Bivens*) Failure to Intervene;<br>3. FTCA – Assault and Battery;<br>4. FTCA – Negligence;<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiff, FRANCISCO TIRADO, by and through his undersigned counsel,
2    complains and alleges as follows:

3    **I.    INTRODUCTION**

4    1.    This action arises from an unprovoked and excessive use of force by United
5          States Customs and Border Protection officers against Plaintiff Francisco
6          Tirado at the San Ysidro Port of Entry on February 17, 2025.

7    2.    Without justification, a CBP officer punched Plaintiff and forced him to the
8          ground, where multiple officers piled on, causing significant physical
9          injuries, emotional trauma, and long-term medical consequences.

10   3.    Defendants' conduct violated Plaintiff's rights under the Fourth Amendment
11         to the United States Constitution and constituted assault, battery, and
12         negligence under California law, for which the United States is liable under
13         the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680.

14

15   **II.    JURISDICTION AND VENUE**

16   4.    This Court has jurisdiction over Plaintiff's federal constitutional claims
17         pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403
18         U.S. 388 (1971).

19   5.    This Court has jurisdiction over Plaintiff's tort claims against the United
20         States pursuant to 28 U.S.C. § 1346(b)(1).

21   6.    Venue is proper in this District under 28 U.S.C. § 1391(b) because the events
22         giving rise to these claims occurred in San Diego County, California,
23         including at the San Ysidro Port of Entry.

24

25   **III.    PARTIES**

26   7.    Plaintiff Francisco Tirado is a United States citizen and resident of
27         California.

28

Complaint for Damages                    2

8.   Defendant UNITED STATES OF AMERICA is substituted as the proper defendant for Plaintiff's tort claims under the FTCA.

9.   Defendant U.S. Customs and Border Protection (CBP) is a federal law enforcement agency within the Department of Homeland Security and is named for identification and narrative purposes only.

10.  Defendants DOES 1–25 are individual CBP officers who directly participated in, observed, failed to intervene in, or supervised the unconstitutional conduct alleged herein.  Plaintiff will amend this Complaint to substitute their true names when discovered.

## IV.   FACTUAL ALLEGATIONS

11.  On February 17, 2025, Plaintiff lawfully presented himself at the San Ysidro Port of Entry.

12.  A CBP officer directed Plaintiff to proceed to secondary inspection.

13.  Plaintiff did not pose a threat, was not resisting arrest, and was not attempting to flee.

14.  When Plaintiff hesitated or questioned instructions, a CBP officer became agitated, lost his temper, and suddenly punched Plaintiff.

15.  Plaintiff was immediately taken to the ground, where multiple CBP officers piled on him.

16.  The force used against Plaintiff was grossly disproportionate, unnecessary, and objectively unreasonable.

17.  As a direct result of Defendants' actions, Plaintiff suffered facial lacerations and bruising, a severely injured ankle, an injured elbow requiring surgical referral, and significant emotional distress.

18.  Plaintiff required emergency medical treatment and ongoing physical therapy.

19. Several CBP officers were present and observed the use of excessive force but failed to take reasonable steps to intervene.

20. Plaintiff suffered depression, anxiety, insomnia, and psychological harm following the assault.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES (FTCA)

21. Plaintiff timely presented written administrative claims to U.S. Customs and Border Protection using Standard Form 95, including a detailed statement of facts and a demand for a sum certain, as required by 28 U.S.C. § 2675(a).

22. Plaintiff submitted the administrative claim within two years of accrual.

23. More than six months have elapsed since presentment, and CBP has failed to make final disposition of Plaintiff's claim.

24. Plaintiff has exhausted all administrative remedies required under the FTCA, or exhaustion is deemed complete by operation of law.

## VI.    CLAIMS FOR RELIEF

### COUNT I – Fourth Amendment (*Bivens*)

### Excessive Force

(Against Individual Defendants DOES 1–25)

25. Plaintiff realleges and incorporates by reference the prior paragraphs.

26. Defendants intentionally used force against Plaintiff.

27. The force used was objectively unreasonable under the totality of the circumstances.

28. Plaintiff did not pose an immediate threat, was not actively resisting, and did not attempt to evade officers.

29. Defendants' conduct violated Plaintiff's clearly established Fourth Amendment right to be free from excessive force.

Complaint for Damages                    4

30. Defendants acted with reckless disregard for Plaintiff's safety and constitutional rights.

### COUNT II – Fourth Amendment (*Bivens*)

### Failure to Intervene

(Against Individual Defendants DOES 1–25)

31. Plaintiff realleges and incorporates by reference the prior paragraphs.

32. Defendants observed or were aware of the use of excessive force against Plaintiff.

33. Defendants had a realistic opportunity to intervene and prevent further harm.

34. Defendants failed to take reasonable steps to stop or mitigate the excessive force.

35. Defendants' deliberate inaction violated Plaintiff's Fourth Amendment rights.

### COUNT III – Federal Tort Claims Act

### Assault and Battery

(Against Defendant United States of America)

36. Plaintiff realleges and incorporates by reference the prior paragraphs.

37. Federal law enforcement officers employed by CBP intentionally and unlawfully struck and applied force to Plaintiff.

38. Plaintiff did not consent to the use of force.

39. The force used was harmful, offensive, and not legally justified.

40. The United States is liable for assault and battery under California law pursuant to the law enforcement proviso of 28 U.S.C. § 2680(h).

### COUNT IV – Federal Tort Claims Act

### Negligence

(Against Defendant United States of America)

41. Plaintiff realleges and incorporates by reference the prior paragraphs.

42.   Defendants owed Plaintiff a duty to exercise reasonable care in the use of force, supervision of officers, and protection of detainees.

43.   Defendants breached these duties by using excessive force and failing to intervene.

44.   Defendants' conduct was negligent and reckless.

45.   Defendants' breaches were the direct and proximate cause of Plaintiff's injuries.

## VII.   DAMAGES

46.   Plaintiff suffered physical injuries, pain and suffering, emotional distress, mental anguish, medical expenses, and loss of enjoyment of life.

47.   Plaintiff seeks compensatory damages according to proof.

## VIII.   PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

A. Compensatory damages in excess of $75,000;

B. Costs of suit;

C. Attorneys' fees where permitted by law;

D. Declaratory relief;

E. Such other relief as the Court deems just and proper.

DATED:   February 6, 2026          FINN TRIAL ATTORNEYS, APC
                                    Gomez Law Group, P.C.
                                    By:

                                    _s/David Finn_____
                                    DAVID P. FINN, Esq.
                                    Alvin M. Gomez, Esq.
                                    Boris Smyslov, Esq.
                                    Attorneys for Francisco Tirado

1

2 ## **DEMAND FOR TRIAL BY JURY**

3

4      Plaintiff hereby demands a trial by jury.

5

6 DATED:   February 6, 2026          FINN TRIAL ATTORNEYS, APC

7                                   Gomez Law Group, P.C.
                                    By:
8

9                                   *s/David Finn*_____

10                                  DAVID P. FINN, Esq.
                                    Alvin M. Gomez, Esq.
11                                  Boris Smyslov, Esq.
                                    Attorneys for Francisco Tirado
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28